PER CURIAM.
This court previously reversed the distribution of marital property in this case. See Moon v. Moon, 594 So.2d 819 (Fla. 1st DCA 1992). On remand, appellant made a claim against certain individual retirement accounts of her former husband, now deceased. Appellant did not, however, pursue this claim for several years and did not bring the matter to final hearing until July 1998. At that hearing the circuit court made several findings including the following:
The Petitioner (Mrs. Moon) failed to present any evidence to establish the value of the IRAs, and additionally failed to present evidence to establish *846 any value regarding the IRAs attributable to passive growth or marital efforts. Petitioner failed to follow the mandate of the Court of Appeals with respect to the six factors to be considered and has failed to present data in the form of expert testimony or otherwise, to the Court to determine the value of Mr. Moon’s IRAs and to separate a portion of the IRAs to Petitioner under the principles of equitable distribution.
As we noted in the initial appeal on this case, counsel must provide such data to the court as is required to support the segregation of marital from non-marital assets and to support valuations that would withstand appellate review. Moon, 594 So.2d at 822. We are unable to say that the circuit court abused its discretion by concluding that Mrs. Moon, through her counsel, failed to present sufficient evidence to sustain her burden. Unfortunately for Mrs. Moon, her attempt to prove that Mr. Moon’s non-marital assets had been used as collateral for marital debt was insufficient. See Farrior v. Farrior, 736 So.2d 1177, 1178 (Fla.1999).
AFFIRMED.
KAHN, WEBSTER and VAN NORTWICK, JJ., concur.